IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| DAYJON, INC., | ) Case No. 16-04301-DSC-7 |
| | ) |
| Debtor(s). | ) |

### TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE FREE AND CLEAR OF LIENS

**COMES NOW** Thomas E. Reynolds, Trustee of the Bankruptcy Estate of the Debtor in the above-styled case, and gives notice pursuant to Bankruptcy Code §§363(b) and Bankruptcy Rules 2002(a)(2), (c)(1) and 6004(c), and moves the Court for an Order authorizing him to sell property of the bankruptcy estate, and as grounds for said Motion states as follows:

1. On the October 18, 2016, the undersigned was appointed Trustee in the above-styled case, is duly qualified and continues to serve in said position.

2. In the opinion of the Trustee, the estate has an equity in the Debtor's following vehicles: 1993 Mack Truck, VIN VG6BA07AXPB500407, 2006 Ford F150 Pickup, VIN 1FTVF125X6NB48493, and 2009 Ford F350, VIN 1FDWW37R09EA12613 (collectively, the "Personal Property") and it will be beneficial to the estate to sell the Personal Property pursuant to the provisions of U.S.C. 363(f).

3. The Trustee is unaware of any perfected liens or encumbrances against the Personal Property.

4. The Trustee has employed Clydette Hughes of Asset Liquidators to locate a purchaser for the Personal Property. Ms. Hughes has solicited offers for the purchase of the Personal Property. Ms. Hughes has recommended the Trustee accept the following offers:

(a) $3,000.00 for the 1993 Mack Truck by Superior Auto;
(b) $500.00 for the 2006 Ford F150 pickup by Superior Auto; and
(c) $10,000.00 for the 2009 Ford F350 by Superior Auto.

5. The Trustee believes these offers to be fair and reasonable offers.

6. The sale of the property is to be conducted by private sale upon approval by the U. S. Bankruptcy Court, to Superior Auto, "AS IS". The Personal Property is sold without warranty except that it is sold free and clear of any lien or encumbrance and that the Trustee is authorized to convey good title thereto.

7. From the proceeds realized from the sale, the Trustee proposes to pay a commission to Clydette Hughes (to the extent separately authorized by the Court) and to hold the balance of the funds for the benefit of creditors.

WHEREFORE, the Trustee moves the Court as follows:

A. As required by Bankruptcy Rules 6004(a) and 2002(a)(2) and (c)(1), to order the date, time and place of hearing this motion, and the time within which objections to the proposed sale may be filed and served on the Trustee.

B. On such hearing, to approve and confirm the proposed sale and to authorize the Trustee to execute any instrument necessary or appropriate, or as ordered by the Court, to consummate the sale of the Personal Property.

/s/ Thomas E. Reynolds, Trustee
Thomas E. Reynolds, Trustee

OF COUNSEL:
Reynolds Legal Solutions, LLC
300 Richard Arrington Blvd. N., Suite 503
Birmingham, Alabama 35203
(205)957-6500
ter@reynoldslegalsolutions.com